# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YERKO ANTONIO MOLINA,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-1824 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **DAVID FREED, ET AL.,** | : |
| | : |
| Defendants. | : |

## M E M O R A N D U M

## I.   INTRODUCTION

Yerko Antonio Molina, an inmate at the State Correctional Institution at Somerset, Pennsylvania, filed this action on September 8, 2005, pursuant to 42 U.S.C. § 1983. Along with his complaint, Molina submitted an application seeking leave to proceed in forma pauperis in this matter.[1]  Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint (or any part of it) if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Molina completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on September 22, 2005 (Dkt. Entry 7), directing the warden at SCI-Somerset to commence deducting the full filing fee from Molina's prison trust fund account.

**II.     Background**

Named as Defendants in the complaint are David Freed, the District Attorney for Cumberland County, Pennsylvania, and two Pennsylvania State Troopers, Roger E. Hall and Robert C. Clark.  While Plaintiff does not identify the criminal charges for which he was convicted, he states that his trial was conducted on September 1, 2004.  He alleges that the Defendants engaged in illegal conduct with regard to a knife involved in his case that was used as evidence against him in the trial.  Specifically, he claims that in February of 2004, his attorney requested the knife from Defendant Freed in order to conduct a fingerprint analysis.  Freed informed counsel that the knife was lost.  In August of 2004, however, Plaintiff contends that Freed approved a warrant authorizing Defendant Clark to examine the knife for Plaintiff's fingerprints.

Plaintiff states that the knife and a report indicating his prints were on the knife were thereafter used as evidence against him at trial, ultimately resulting in his conviction.  Plaintiff argues that due to Defendants' illegal procedures, the evidence used to convict him was tainted.  He claims that he is innocent of all charges, and that Defendants' improper procedures have resulted in immeasurable loss to him.

**III.   Discussion**

Plaintiff is seeking redress through 42 U.S.C. § 1983 for what he asserts are violations of his constitutional rights.  Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court stated that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  490 U.S. at 325.

In this action Plaintiff seeks damages for the alleged conduct of Defendants which he claims resulted in his wrongful incarceration.  This action is plainly barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Heck extends to bar actions not only for compensatory damages, but also for declaratory relief, so long as the plaintiff's claims imply the invalidity of a

3

conviction. Edwards v. Balisok, 520 U.S. 641, 648 (1997). There is no evidence in the instant case that Plaintiff has successfully challenged his conviction. Since the claims presented here would necessarily imply the invalidity of Molina's state criminal conviction, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Instead, his proper avenue of recourse in the federal courts is a petition for a writ of habeas corpus.

Based on the foregoing, Plaintiff's complaint "lacks an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. Accordingly, the complaint will be dismissed as frivolous. Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990). An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**YERKO ANTONIO MOLINA,**         :
                                  :
    **Plaintiff,**             :   **CIVIL NO. 3:CV-05-1824**
                                  :
  **vs.**                         :   **(CHIEF JUDGE VANASKIE)**
                                  :
**DAVID FREED, ET AL.,**          :
                                  :
    **Defendants.**            :

**O R D E R**

    **NOW, THIS 18th DAY OF NOVEMBER, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED:**

    1.  The complaint is dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    2.  The Clerk of Court shall close this case.

    3.  Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                            **s/ Thomas I. Vanaskie**
                                            Thomas I. Vanaskie, Chief Judge
                                            Middle District of Pennsylvania